IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALTON BARLOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 02-M-1227-N |
| | ) |
| MERCK & COMPANY, INC., a foreign | ) |
| corporation; AMERISOURCE, a foreign | ) |
| corporation; BERGEN BRUNSWIG | ) |
| DRUG CORPORATION, a foreign | ) |
| Corporation; AMERISOURCEBERGEN, | ) |
| a foreign corporation f/k/a | ) |
| AMERISOURCE CORPORATION and | ) |
| f/k/a BERGEN BRUNSWIG DRUG | ) |
| CORPORATION, foreign corporations; | ) |
| ROBERT WALL, an individual; GARY | ) |
| HARLAN, an individual; NIKKI N. | ) |
| WINDHAM, an individual; and fictitious | ) |
| defendants A, B, C & D, Being those | ) |
| persons, firms or Corporations whose fraud, | ) |
| scheme to defraud, and/or other wrongful | ) |
| conduct caused or contributed to Plaintiff's | ) |
| injuries and damages, and whose true names | ) |
| and identities are presently unknown to | ) |
| Plaintiff, but will be substituted by | ) |
| amendment when ascertained, | ) |
| | ) |
| Defendants. | ) |

**FILED NOV 5 2002**
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Merck & Co., Inc. (sued herein as Merck & Company, Inc.) ("Merck") hereby petitions this Court for removal of the above-captioned action from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. § 1441 *et seq.*, on the basis of the following facts which demonstrate the existence of subject matter jurisdiction in this Court:

NY 694645_1.DOC

1. On or about October 4, 2002, Plaintiff commenced this civil action, which was assigned Case No. CV-02-2842 in the Circuit Court of Montgomery County, Alabama, by filing a Complaint. (True and correct copies of all process, pleadings, discovery, and orders served upon Merck to date in the Circuit Court of Montgomery County, Alabama are attached hereto collectively as Exhibit 1.)

2. On October 10, 2002, Merck was served by certified mail with a Summons and the Complaint, the initial pleading setting forth the purported claims for relief. Upon information and believe, Merck was the first-served defendant. Thus, this Notice of Removal is timely since it is being filed within thirty days after receipt of the Complaint. 28 U.S.C. §1446(b).

3. As more fully described below, this Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests, and it is between citizens of different States.

**The Amount In Controversy Exceeds $75,000**

4. It is apparent that the amount in controversy exceeds $75,000. In the "Damages" section of his Complaint, Plaintiff alleges that he is seeking to recover compensatory damages, not to exceed $74,000, for injuries, including for future loss and for loss "of good faith, freedom from pain and worry," caused by his ingestion of VIOXX®. (Complaint at ¶41.) In the very next paragraph, Plaintiff claims that he is entitled to punitive damages from the corporate defendants because of their alleged "conscious disregard of the foreseeable harm caused by" VIOXX® and "fraud, ill-will, recklessness, gross negligence, or willful or intentional disregard

of the Plaintiff's individual rights." (Complaint at ¶42.) Plaintiff does not seek to limit the amount of punitive damages that he alleges that he is entitled to. (Id.; *see also* Complaint ¶ 16.)

5.  Under Alabama law, by bringing a civil action for physical injury, Plaintiff can claim and recover punitive damages of up to $1,500,000 or three times the amount of compensatory damages, whichever is greater. Ala. Code § 6-11-21(d). Accordingly, notwithstanding the fact that Plaintiff purports to seek no more than $74,000 in compensatory damages, the amount in controversy, including compensatory and punitive damages, exceeds the jurisdictional minimum of $75,000.

6.  In addition, Alabama courts routinely uphold awards far in excess of $75,000 for actual and punitive damages in personal injury actions. *See, e.g., Hill Mfg. Co. v. Webb*, 724 So. 2d 1137 (Ala. 1998) (affirming award of $300,000 in compensatory and $600,000 in punitive damages on claim under Alabama Extended Manufacturers Liability Doctrine ("AEMLD")); *Wal-Mart Stores, Inc. v. Robbins*, 719 So. 2d 245 (Ala. Civ. App. 1998) (affirming award of $10,000 in compensatory and $190,000 in punitive damages caused by ingestion of prescription drug). A list of additional Alabama verdicts and settlements in AEMLD cases, including cases filed by the Plaintiff's law firm, which exceed $75,000 is attached hereto as Exhibit 2.

7.  Furthermore, federal courts around the country have ruled that federal diversity jurisdiction exists in similar actions alleging personal injuries caused by VIOXX®. *See, e.g., Stubblefield v. Merck & Co., Inc.*, Civ. No. H-02-3139 (S.D. Tex. Oct. 8, 2002); *Zeedyk v. Merck & Co., Inc.*, No. 02-C-4203 (N.D. Ill. August 30, 2002); *Abrusley v. Merck & Co., Inc.*, No. 02-0196 (W.D. La. June 18, 2002); *Jones v. Merck & Co., Inc.*, Civ. No. 02-00186 (D. Hawaii June 5, 2002). These courts all were presented with complaints seeking actual and

punitive damages for injuries caused by VIOXX® and all found that the requirements for federal diversity jurisdiction, including the amount in controversy, were satisfied. Copies of the orders confirming each court's jurisdictional finding in these four cases are attached hereto collectively as Exhibit 3. These decisions, combined with the foregoing evidence, make it clear that Merck has proven "by a preponderance of the evidence" and to "a legal certainty" that the amount in controversy satisfies the requirements for federal jurisdiction as stated in *Williams v. Best Buy, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

**Complete Diversity**

8. There is complete diversity between Plaintiff and all properly joined defendants. Paragraph 1 of Plaintiff's Complaint alleges that Plaintiff is a resident of Montgomery County, Alabama. Merck is a New Jersey corporation with its principal place of business in the State of New Jersey. Accordingly, Merck is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1). Defendants Amerisource Corporation, Bergen Brunswig Drug Company, and AmerisourceBergen Corporation (sued herein as Amerisource, Bergen Brunswig Drug Corporation, and Amerisourcebergen) (collectively referred to as the "Distributor Defendants"), are all alleged to be citizens of states other than Alabama – Delaware, California, and Pennsylvania, respectively. (Complaint ¶¶ 3-5.) Accordingly, there is complete diversity between Plaintiff, an Alabama citizen, and Merck and the Distributor Defendants.

9. Although defendants Robert Wall, Gary Harlan, and Nikki N. Windham, (collectively referred to as the "Representative Defendants") are alleged to be residents of Alabama, they are fraudulently joined defendants whose citizenship must be disregarded by this Court. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *Wiggins v. American Home Products Corp.*, No. CV-01-J-2303-NW, 2001 WL 34013629, at *3

NY 694645_1 DOC

(N.D. Ala. Oct. 2, 2001). A defendant is fraudulently joined when there is no "reasonable basis for predicting" that a state court might impose liability on the resident defendant. *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997). There is no reasonable basis for predicting that Plaintiff would prevail on the claims asserted against the Representative Defendants because there is no legal or factual basis for holding them liable under Alabama law.

10. There is no reasonable basis for predicting that the Representative Defendants would be held liable because, under Alabama law, there is no cause of action against pharmaceutical representatives for injuries caused by the drugs they represent. *See In re Rezulin Products Liability Litigation*, 133 F. Supp. 2d 272, 287 (S.D.N.Y. 2001) (applying Alabama law) (finding resident pharmaceutical representatives fraudulently joined in claims for product liability under the AEMLD, negligence, wantonness, fraudulent misrepresentation, and fraudulent suppression). All of Plaintiff's claims against the Representative Defendants are subsumed by the AEMLD. *See, e.g., Spain v. Brown & Williamson Tobacco Corp.*, 230 F.3d 1300, 1310 (11th Cir. 2000) (finding negligent failure to warn claim was subsumed by AEMLD); *Rezulin*, 133 F. Supp. 2d at 287 (plaintiff's product liability, negligence, wantonness, and failure to warn claims against pharmaceutical representatives were properly brought under the AEMLD); *Yarbrough v. Sears, Roebuck & Co.*, 628 So. 2d 478, 481 (Ala. 1993) (breach of warranty claims arising from a defective product were properly raised under the AEMLD). An AEMLD claim, however, may be asserted only against manufacturers and sellers of the product at issue, not individual defendants such as the Representative Defendants. *See Turner v. Azalea Box Co.*, 508 So. 2d 253, 254 (Ala. 1987) ("In an AEMLD action, the plaintiff must prove that the defendant manufactured and/or sold the allegedly defective product"). Since the Representative Defendants are neither manufacturers nor sellers of the prescription medicine

VIOXX® they cannot be held liable under the AEMLD. *Rezulin,* 133 F. Supp. 2d at 287 (AEMLD claim is not cognizable against pharmaceutical representatives); *Tillman v. R.J. Reynolds Tobacco,* 253 F.3d 1302, 1305 (11th Cir. 2001) (AEMLD claim and claims of negligence, wantonness, and civil conspiracy are not cognizable against individual sales representatives employed by defendant cigarette manufacturer); *Bowman v. Coleman Co., Inc.,* No. 96-0448-P-C, Slip Op. at 8 (S.D. Ala. Sept. 3, 1996) (resident manager of retail store fraudulently joined in complaint asserting AEMLD claim) (a copy of this decision is attached as Exhibit 4). Accordingly, since there is no legal basis for the claims made against them, the Representative Defendants are fraudulently joined.

11. The Plaintiff's fraudulent misrepresentation and suppression claims are merely restatements of his failure-to-warn claims. Thus, the fraud claims are subsumed under the AEMLD, pursuant to which the plaintiff has no cause of action against the Representative Defendants. *See Rezulin,* 133 F. Supp. 2d at 287-88. Even if the fraud claims were viewed independently of the AEMLD, the plaintiff cannot state a cause of action against the Representative Defendants for fraud. Obviously, in order to make a fraudulent misrepresentation or suppress information they purportedly had a duty to disclose, the Representative Defendants must have had contact or communication with Plaintiff, the absence of which is fatal to Plaintiff's fraud claim. *See Rezulin,* 133 F. Supp. 2d at 287. Plaintiff does not, and cannot, point to any specific misrepresentation that the Representative Defendants made directly to him.

12. The Representative Defendants are also shown to be fraudulently joined since the Plaintiff's Complaint contains no specific factual allegations against the Representative Defendants upon which any viable claim could be based. *See, e.g., Wiggins,* 2001 WL 34013629, at *3; *Lyons v. American Tobacco Co.,* No. Civ.A. 96-0881-BH-S, 1997 WL 809677,

at *5 (S.D. Ala. Sept. 30, 1997); *Rezulin*, 168 F. Supp. 2d at 140. In fact, Plaintiff makes no factual allegations at all regarding the Representative Defendants. Instead, Plaintiff makes broad claims against "all defendants collectively" while including no factual allegations to support such claims against the Representative Defendants. *Lyons*, 1997 WL 809677, at *5; *see also Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213, 1221 (S.D. Ala. 1998) (failure to allege particular facts supporting claims against "defendants" resulted in finding of fraudulent joinder); *Rezulin*, 168 F. Supp. 2d at 140 (pharmaceutical representatives were fraudulently joined where plaintiffs made "no specific allegations" against them). There is "no better admission of fraudulent joinder of [the Representative Defendants]" than the failure of the Plaintiff "to set forth any specific factual allegations" against them. *Lyons*, 1997 WL 809677, at *5, *quoted in Wiggins*, 2001 WL 34013629, at *3.

   13. The Complaint also includes a number of fictitious defendants, whose citizenships are ignored for removal purposes. 28 U.S.C. § 1441(a).

   14. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the district and division embracing the place where the state court action is pending.

   15. All of the properly joined and served defendants join in this removal. The written consent to removal of defendants Amerisource Corporation, Bergen Brunswig Drug Company, and AmerisourceBergen Corporation is attached as Exhibit 5 to this Notice of Removal.

   16. No previous application has been made for the relief requested herein.

   17. This Notice of Removal has been served on all named parties to the removed case.

NY 694645_1.DOC

18.     A written Notice of Filing of Notice of Removal, together with a copy of this Notice, will be filed with the Clerk of Court for the Circuit Court of Montgomery County Alabama, and will be served upon the Plaintiff, as required by 28 U.S.C. § 1446(d).

Dated: November **5**, 2002

                                                    Respectfully submitted,

**RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.**

By: _____

184 Commerce Street, P.O. Box 270
Montgomery, Alabama 36104

Attorneys for Defendant Merck & Co., Inc.

Of Counsel:

Norman C. Kleinberg
Theodore V. H. Mayer
Robb W. Patryk
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6000

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing Notice of Removal upon the following counsel and/or parties by placing a copy of same in the United States mail, postage prepaid and properly addressed, on this the 5th day of November, 2002:

> David F. Miceli, Esq.
> Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
> Post Office Box 4160
> Montgomery, Alabama  36103-4160
>
> Frank E. Lankford, Jr., Esq.
> Huie, Fernambucq & Stewart, LLP
> 800 Regions Bank Building
> 417 20th Street N.
> Birmingham, Alabama  35203-3279
>
> Robert M. Wall
> 1529 Upper Kingston Rd.
> Prattville, Alabama  36067-6862
>
> Gary Harlan
> 126 Moss Bend Drive
> Helena, Alabama  35080-7201
>
> Nikki Windham
> 561 Hackberry Ridge Crv.
> Birmingham, Alabama  35226

_____
Of Counsel

NY 694645_1.DOC

# EXHIBITS

# TO THIS

# DOCUMENT

# NOT SCANNED